878 P.2d 805

**Henry William SMITH, Jr.,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20785.

Court of Appeals of Idaho.

May 12, 1994.

Petition for Review Denied Aug. 17, 1994.

(mere ministerial error in allowing parole of convicted felon is not basis for estoppel).

Hobdey & Hobdey, Gooding, for appellant. Craig D. Hobdey argued.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

LANSING, Judge.

Henry William Smith, Jr., filed an application for post-conviction relief, seeking to set aside his sentence for rape on the ground of ineffective assistance of counsel. Following an evidentiary hearing, the district court denied his claim and entered an order dismissing the application. On appeal, Smith asserts that the order of dismissal must be overturned because he did not receive a timely notice identifying the judge assigned to hear the post-conviction application and, therefore, lost the opportunity to disqualify that judge pursuant to I.R.C.P. 40(d)(1). Smith further contends that the court erred

in denying his ineffective assistance claim. For the reasons explained below, we affirm.

## FACTUAL BACKGROUND

In September, 1989, the state filed an information charging Smith with four counts of statutory rape, alleged to have occurred in February, 1986. Pursuant to a negotiated plea agreement, Smith pleaded guilty to one count of rape and the other counts were dismissed. The district court, the Honorable James May presiding, accepted Smith's plea and ordered that a presentence report be prepared.

Prior to the rape charges, Smith had been convicted and sentenced, before the same district judge, to a twenty-five year indeterminate term for lewd conduct with a minor child. The judge had retained jurisdiction under I.C. § 19–2601(4), leaving open the possibility that Smith might be granted probation. At the time Smith pleaded guilty to the rape charge, Judge May had not yet decided whether to grant probation or relinquish jurisdiction in the lewd conduct case. On May 17, 1991, the district court held a combined hearing on the issues of retained jurisdiction in the lewd conduct case and sentencing in the rape case. The court had before it the report of the Department of Corrections' jurisdictional review committee, which recommended probation in the lewd conduct case, and the presentence report prepared on the rape charge, which urged the imposition of a prison sentence. At the conclusion of the hearing, the court relinquished jurisdiction in the lewd conduct case and imposed a unified sentence of twenty-five years with a fifteen-year minimum period of confinement on the rape conviction. The court further ordered that the sentences for lewd conduct and rape be served concurrently. Smith moved for a reduction of his sentences under I.C.R. 35. On that motion the district court deleted the minimum confinement portion of the rape sentence because the crime had occurred prior to the effective date of the Unified Sentencing Act, I.C. § 19–2513. The rape sentence was modified to an indeterminate twenty-five year term. Smith's judgment of conviction and sentence for rape, as modified, were affirmed on appeal. *State v. Smith*, 123 Idaho 290, 847 P.2d 265 (Ct.App.1993).

In April, 1993, Smith filed an application for post-conviction relief seeking to have his sentences vacated. In that application, he requested that the court either place him on probation, reduce his sentences, or order that he be resentenced before a different judge. Smith based his request for relief on the ground, *inter alia*, that he had been denied his constitutional right to the effective assistance of counsel in the rape case.

Judge May held an evidentiary hearing on July 14, 1993. Smith and the attorney who represented him in the rape case were the only witnesses who testified. At the conclusion of that hearing, the district judge ruled that Smith had failed to prove his claim of ineffective assistance of counsel. The court later entered an order dismissing the application for post-conviction relief in its entirety.

## ISSUES PRESENTED

Seeking to overturn the district court's order on appeal, Smith asserts (1) that Judge May erred in presiding over his application for post-conviction relief when there had been no notice to the parties of his assignment to the case; and (2) that the court erred in denying his claim of ineffective assistance of counsel.

## A. TIMELY NOTICE OF ASSIGNMENT

Smith asserts that the order denying his application must be vacated because he did not receive from the court a notice indicating that Judge May would hear the post-conviction relief case. The crux of Smith's argument is that because he did not learn of Judge May's assignment to the case until after the judge had ruled on Smith's motions to appoint counsel and set bond, Smith was deprived of the opportunity to disqualify that judge.

■ Smith is correct only insofar as he asserts that the right to disqualify a judge without cause, provided in I.R.C.P. 40(d)(1), is waived once there has been a contested hearing in the matter. *See* I.R.C.P. 40(d)(1)(A). However, this rule is *not* available to disqualify a judge in a post-conviction

proceeding when the assigned judge is the one who presided over the underlying criminal case. I.R.C.P. 40(d)(1)(I)(ii). Hence, even if Smith had received prior notice that Judge May was to hear the post-conviction proceeding, Smith was not entitled to have the judge disqualified as a matter of right.

■ Nonetheless, Smith still could have moved to disqualify the judge *for cause*, as provided for in I.R.C.P. 40(d)(2) if grounds for such disqualification existed. A motion to disqualify under this rule "may be made at any time." I.R.C.P. 40(d)(2)(B). However, Smith did not seek, at any time, to have Judge May recuse himself from the post-conviction relief proceeding for cause. Instead, Smith has raised this issue for the first time on appeal. By failing to raise the issue before the lower court, Smith has waived his right to have the matter considered on appeal.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

■ An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). A claim of ineffective assistance of counsel presents mixed questions of law and fact. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When faced with mixed question of fact and law, we will defer to the factual findings made by the lower court if those determinations are based upon substantial evidence, but we will exercise free review of the application of the relevant law to those facts. *Young v. State*, 115 Idaho 52, 764 P.2d 129 (Ct.App.1988).

■ In order to prevail on a claim of ineffective assistance of counsel, the claimant must establish that his counsel was deficient in his performance and that this deficiency resulted in prejudice to the claimant. *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). The specific deficiencies Smith ascribes to his attorney's performance are: (a) the failure to move for dismissal of the rape charges based on the passing of the statute of limitation; (b) the failure to abide by Smith's request that Judge May be disqualified in the rape case; and (c) the failure to withdraw from representation in the face of a known conflict of interest.

### 1. Failure to Move for Dismissal of the Underlying Rape Charges

■ He contends that his attorney was deficient in failing to file a motion to dismiss the rape charges on grounds that they were barred by the statute of limitation. The complaint, filed in August 1989, alleged that the rapes occurred in February 1986, less than four years before the crimes were charged. The applicable statute of limitation was five years. I.C. § 19–402. Smith asserts he told his attorney that the acts occurred in 1983.

■ The post-conviction relief that Smith seeks is limited to having his sentence for rape set aside to allow for resentencing. We note that he has not sought to have his conviction set aside or to withdraw his guilty plea, perhaps because of the possibility that withdrawal of the plea would result in the reinstatement of the three dismissed rape charges. Absent any challenge to the validity of his guilty plea, Smith's allegation that his attorney should have asserted a statute of limitation defense to the underlying rape charges affords no basis for disturbing his sentence. Accordingly, the district court did not err in failing to grant Smith's petition on this ground.

Moreover, there is an absence of evidence to sustain this claim. The victim testified at the preliminary hearing that the rapes took place in 1986. Smith has offered no evidence that the victim has recanted that testimony or that she would have done so if his attorney had filed a motion to dismiss based upon the statute of limitation. In the face of conflicting evidence as to the date of the offenses, the trial court could not have properly granted a motion to dismiss based upon the statute of limitation if such a motion had been presented by Smith's counsel.

### 2. Failure to Disqualify the Trial Judge

■ Smith also claims he received ineffective assistance as a result of his attorney's

failure to disqualify Judge May from presiding in the rape case. Smith predicates his claim on the assertion that he had specifically directed his attorney to disqualify the judge. However, as reflected in its oral decision from the bench, the district court found that Smith had failed to prove he gave his attorney such an instruction. Our review of the record shows that this finding is supported by substantial, albeit conflicting, evidence.

At the post-conviction hearing, both Smith and his former attorney testified that Smith had expressed initial concern that Judge May—who had presided in the trial and retrial of the earlier lewd conduct charge—not hear the rape case. However, when the rape case was assigned to Judge May, Smith's attorney advised that it might be beneficial for Smith to be sentenced by Judge May, who, after all, had retained jurisdiction and was considering probation in the earlier case. The attorney testified that he and Smith had discussed the pros and cons of disqualifying or keeping Judge May, but that "our mutual decision was not to disqualify him." This testimony, although conflicting in several aspects with some of Smith's statements, was sufficient to support a finding that Smith did not prove he had directed his attorney to disqualify the judge. Accordingly, we will uphold such finding on appeal. I.R.C.P. 52(a); *Sanders v. State*, 117 Idaho 939, 792 P.2d 964 (Ct.App.1990); *Reeves v. State*, 105 Idaho 844, 673 P.2d 444 (Ct.App.1983).

### 3. Conflict of Interest

We next consider whether Smith established ineffective assistance based on an alleged conflict of interest. As Smith correctly points out, the district court made no finding specifically addressing this allegation. However, we disagree with his assertion that such omission requires that the order of dismissal be vacated. Idaho Code § 19–4907(a) provides that "the court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." The purpose of this requirement is to afford the appellate court an adequate basis upon which to review the denial of such an application. *State v. Morris*, 101 Idaho 120, 124, 609 P.2d 652, 656 (1980); *Murray v.*

*State*, 121 Idaho 918, 828 P.2d 1323 (Ct.App. 1992). However, where the record is clear and yields an obvious answer to the relevant question posed on appeal, findings by the trial court are not essential to appellate review, and we will disregard the trial court's failure to make specific findings. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982); *Murray*, 121 Idaho at 922–23, 828 P.2d at 1327–28.

In the instant case, the evidence established that some years earlier the attorney's law firm had represented several children in a Child Protection Act (CPA) proceeding, adversely to Smith. Although the victim in Smith's earlier conviction for lewd conduct was one of those children, the sixteen-year old victim in the rape case was not. It is also clear from the record that Smith's attorney was not personally involved in the CPA proceeding and that he had never even looked at the file.

Smith asserts that the law firm's former representation of an interest adverse to his own gives rise to a prohibited "conflict of interest," and that the attorney's representation of Smith constituted the deficient performance of counsel. Smith's argument evidently derives from the ethical rule of "imputed disqualification," which prohibits attorneys in the same firm from representing a client when any one of the attorneys is prohibited from doing so because of a conflict of interest. *See* Rule 1.10 of the Idaho Rules of Professional Conduct (I.R.P.C.). Smith asserts that such a prohibited conflict existed because the interests of the firm's present and former clients were adverse. There is no allegation in this case that the attorney's representation of Smith was in any way *limited* as a result of the firm's former, adverse representation. Rather, Smith complains that his interests have somehow been compromised as a result of his attorney's "knowledge of the facts in both cases." If Smith had been the firm's *former* client, his complaint could have merit, for it is the *former* client whose interests and confidences the prohibition seeks to protect. *See, e.g.,* Rule 1.9 of Professional Conduct (I.R.P.C.). However, the attorney's firm was Smith's *advocate* in the rape case, not his adversary. Any information obtained by the firm in the course of the previous CPA proceeding,

therefore, would necessarily be used to Smith's advantage, not to his disadvantage. Accordingly, we conclude that Smith's assertion of a prohibited professional conflict is without merit.

Smith additionally suggests that there existed the potential for the attorney to have a *personal* conflict in the form of bias or mixed feelings toward Smith as a result of information gained in the CPA proceeding. However, it is undisputed that his attorney had no personal involvement in, or personal knowledge of, those prior proceedings. Whether a conflict establishes ineffective assistance of counsel turns upon actual events, not on *potential* states of mind. *McNeeley v. State*, 111 Idaho 200, 722 P.2d 1067 (Ct.App.1986); *Ratliff v. State*, 115 Idaho 840, 771 P.2d 61 (Ct.App.1989). Obviously, the absence of evidence of personal knowledge in this case precludes a finding of actual conflict or any adverse affect upon the attorney's performance.

Finally, Smith points to evidence of a personal "conflict" as shown by the attorney's acknowledgement that he had witnessed the victim growing up in the community. The attorney testified that this knowledge did not affect his representation of Smith. The district court made no express finding as to whether such familiarity with the victim gave rise to a personal bias or ambivalence. Nonetheless, we conclude that because Smith has failed to demonstrate any resulting deficiency in his attorney's performance, his claim of ineffective assistance was properly rejected by the court. *See Ratliff*, 115 Idaho at 844, 771 P.2d at 65.

For the reasons explained above, we conclude that Smith has failed to show an entitlement to relief based on ineffective assistance of counsel.

## CONCLUSION

The district court's order denying Smith's application for post-conviction relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.