**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40743**

| | | |
|---|---|---|
| DAVID X. MARCIEL, | ) | 2014 Unpublished Opinion No. 384 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

David X. Marciel, Rexburg, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

David X. Marciel appeals from the district court's order summarily dismissing his petition for post-conviction relief. Specifically, he alleges that the district court erred in denying his motion for appointment of counsel and in determining that his petition was barred by the statute of limitation. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Pursuant to an I.C.R. 11 agreement, Marciel pled guilty to burglary. I.C. § 18-1401. On March 1, 2004, the district court withheld judgment, sentenced Marciel, and placed him on probation for two years. The remaining facts of this case, as set out by the district court, are as follows:

> Subsequently on November 17, 2004, the State charged Marciel with violating his probation. On March 11, 2005, the Court revoked its order of probation and withheld judgment and imposed a sentence of two (2) years fixed followed by eight (8) years indeterminate for an aggregate term of ten (10) years

1

in the Idaho Department of Correction. The Court then retained jurisdiction. Following the retained jurisdiction, the Court suspended its sentence and placed Marciel on probation. The State filed another probation violation on November 7, 2007, and the Court revoked the order of probation on June 26, 2008. Marciel filed no appeal.

Marciel filed his petition for post-conviction relief on November 23, 2012, making various allegations of ineffective assistance of counsel. Marciel filed a motion for appointment of post-conviction counsel. The district court denied the motion, finding no allegations in the petition that could be developed into viable claims. The district court then gave notice of its intent to summarily dismiss Marciel's petition for post-conviction relief because there was no genuine issue of material fact and the petition was barred by the applicable statute of limitation. The district court gave Marciel twenty days to respond. Marciel did not respond, so the district court summarily dismissed his petition for post-conviction relief. Marciel appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and

2

agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Marciel asserts that the district court erred in determining that his petition for post-conviction relief is time-barred and in denying his motion for appointment of post-conviction counsel.[1] He also alleges for the first time on appeal that the district judge should have recused herself from the post-conviction proceedings because of a claimed bias against Marciel.

**A.      Statute of Limitation**

Marciel argues that the district court erred in summarily dismissing his petition for post-conviction relief on the basis that it was time-barred by the statute of limitation set out in I.C. § 19-4902(a). Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

---

[1]      Marciel also makes various allegations of ineffective assistance of trial counsel, including that counsel advised Marciel to waive his preliminary hearing based on erroneous information, failed to contest the state's lack of a grand jury indictment, coerced Marciel into accepting a plea agreement without fully advising him of its content, and failed to communicate with Marciel. Aside from being barred by the statute of limitation, as discussed below, Marciel failed to support these conclusory allegations with admissible evidence. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, we do not consider these issues on appeal.

Marciel also contends for the first time on appeal that his trial counsel failed to file a motion for disqualification of the district judge at Marciel's request and failed to file a direct appeal in his case. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *Bradley v. State*, 151 Idaho 629, 634, 262 P.3d 272, 277 (Ct. App. 2011). Thus, we decline to address these issues further.

4

An appeal from a judgment of conviction may be filed within forty-two days of the entry of judgment. I.A.R. 14(a). Thus, if no appeal is filed from a judgment of conviction, the one-year limitation period for a post-conviction action commences on the forty-third day after judgment. *Schultz v. State*, 151 Idaho 383, 385, 256 P.3d 791, 793 (Ct. App. 2011). Here, Marciel filed no appeal from the original entry of his judgment of conviction on March 1, 2004. Accordingly, Marciel should have filed his post-conviction action within one year and forty-two days of that date. Marciel did not file his petition for post-conviction relief until November 23, 2012. Therefore, absent a reason to toll the statute of limitation set out in I.C. § 19-4902(a), Marceil's petition is time-barred.[2]

Generally, equitable tolling is allowed only under exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition. *See Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). However, the bar for equitable tolling for post-conviction actions is high. *Id.* Idaho has recognized equitable tolling relating to post-conviction petitions where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials and where mental disease or psychotropic medication renders a petitioner incompetent, thereby preventing the petitioner from earlier pursuing challenges to his or her conviction. *Sayas*, 139 Idaho at 960, 88 P.3d at 779. Additionally, Idaho has recognized that tolling may be available if the asserted claims raise important due process issues. *Rhoades*, 148 Idaho at 250-51, 220 P.3d at 1069-70; *Schultz*, 151 Idaho at 386, 256 P.3d at 794. However, even claims raising important due process issues are deemed waived if not brought within a reasonable time of when the claims were known or should have been known. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070.

Marciel did not allege any basis to toll the statute of limitation in his petition for post-conviction relief. Instead, Marciel alleges for the first time on appeal that he was delayed for almost nine years in filing this petition for post-conviction relief due to his trial counsel withholding information from his case until March 2012. Marciel asserts that this was done intentionally to prevent him from being able to file his post-conviction petition. However, Marciel fails to support his accusation with any evidence, and he fails to explain what motive his

---

[2]      Although Marciel does not directly argue for equitable tolling, we construe his arguments pertaining to the reason for his delay in filing his petition for post-conviction relief as raising this issue.

trial counsel would have to withhold his court documents for the better part of a decade before spontaneously deciding to release them in March 2012. Marciel also fails to explain what specific documents from his case were withheld and does not address why he could not file his post-conviction petition based on the record in his case, which was readily obtainable from the district court clerk. This lack of evidence or explanation does not meet the high bar required to equitably toll the statute of limitation for post-conviction petitions. Accordingly, without a basis to toll the statute of limitation, Marciel's petition is time-barred, and the district court did not err in summarily dismissing Marciel's petition for post-conviction relief.

## B.     Appointment of Counsel

Marciel also alleges that, because of his various claims pertaining to ineffective assistance of trial counsel, the district court should have granted his motion to appoint post-conviction counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau,* 140 Idaho at 792, 102 P.3d at 1111. When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*.; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id*. at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint

6

counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. In deciding whether the pro se petition raises the possibility of a valid claim, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel at his or her own expense to conduct a further investigation into the claims. *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007).

Here, the district court denied Marciel's motion for appointment of counsel, finding that his petition was frivolous on its face based on timeliness and the merits of the claims. As previously discussed, Marciel failed to present evidence that equitable tolling should apply, so his petition is barred by the statute of limitation. A reasonable person with adequate means would not be willing to bring a time-barred petition at his or her own expense. Thus, Marciel cannot raise the possibility of a valid claim, and Marciel has failed to show that the district court abused its discretion in denying his motion to appoint post-conviction counsel.

## C.     Judicial Disqualification

Marciel further alleges for the first time on appeal that the district judge erred in failing to disqualify herself from presiding over the post-conviction proceedings. There is no right to disqualify, without cause, a judge assigned to a post-conviction proceeding when that judge also entered the conviction or sentence being challenged in the post-conviction proceeding. I.R.C.P. 40(d)(1)(I)(ii); *Smith v. State*, 126 Idaho 106, 109-10, 878 P.2d 805, 808-09 (Ct. App. 1994). A petitioner may file a motion seeking disqualification of an assigned judge in a post-conviction proceeding for cause, including for bias or prejudice against any party in the case. *See* I.R.C.P. (40)(d)(2)(A)(4). However, the motion must be made during the post-conviction proceedings and cannot be raised for the first time on appeal; otherwise, the issue is waived. *See* I.R.C.P. (40)(d)(2)(B); *Smith*, 126 Idaho at 109, 878 P.2d at 808.

Here, the judge overseeing the post-conviction proceedings was the same judge who entered Marciel's judgment of conviction and sentence. Thus, Marciel could not disqualify the district judge without cause. There is no indication in the record that Marciel made a motion during the post-conviction proceedings, whether written or oral, for the district judge to recuse herself for cause. Accordingly, this claim is waived on appeal.

# IV.

## CONCLUSION

Marciel failed to show that the statute of limitation should be equitably tolled in his case. As a result, the district court did not err in summarily dismissing Marciel's time-barred petition for post-conviction relief. Additionally, the district court did not abuse its discretion in denying Marciel's motion for appointment of post-conviction counsel. Finally, Marciel waived his judicial bias claim on appeal by failing to raise it below. Therefore, we affirm the order summarily dismissing Marciel's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**