IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41211

| JAMES H. ELKINS, | ) | 2014 Unpublished Opinion No. 713 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 8, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

James H. Elkins appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Elkins pled guilty to lewd conduct with a minor under the age of sixteen, Idaho Code § 18-1508. The district court imposed a unified life sentence with a fourteen-year determinate term. Subsequently, Elkins filed a pro se petition for post-conviction relief asserting, among other things, ineffective assistance of counsel. Elkins simultaneously filed a motion to disqualify the district judge for alleged bias, and because the judge used erroneous information during sentencing. Elkins also filed a motion for appointment of counsel. The State filed a motion for summary dismissal.

1

The court appointed counsel to represent Elkins in his post-conviction proceedings and, through counsel, Elkins filed an amended petition for post-conviction relief which expanded upon the allegations relating to his ineffective assistance of counsel claim. The State again moved for summary dismissal. Elkins later filed a motion to dismiss his court-appointed public defender for which the court conducted a hearing. Following the hearing, the court ultimately denied Elkins' motion to dismiss his public defender and summarily dismissed his petition for post-conviction relief. The district court did not rule on Elkins' motion to disqualify prior to ruling on Elkins' motion to dismiss his public defender or his petition for post-conviction relief. Elkins timely appeals.

## II.

## ANALYSIS

Elkins claims that the district court erred in denying his petition for post-conviction relief because the district court failed to first rule on Elkins' pro se motion to disqualify the district judge. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). A party may move to disqualify a judge from presiding in any action on the grounds of bias or prejudice. I.R.C.P. 40(d)(2)(A)(4). The motion must be accompanied by an affidavit "stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion." I.R.C.P. 40(d)(2)(B). Whatever the source of the bias or prejudice alleged, it must be so extreme as to display clear inability to render fair judgment. *Bach v. Bagley*, 148 Idaho 784, 791-92, 229 P.3d 1146, 1153-54 (2010). Unless there is a demonstration of pervasive bias derived from either an extrajudicial source or facts and events occurring at trial, there is no basis for judicial recusal. *Id.* at 792, 229 P.3d at 1154. The standard for recusal of a judge, based simply on information that the judge has learned in the course of judicial proceedings, is extremely high. *Id.*

Once a motion for disqualification has been filed, "the presiding judge shall be without authority to act further in such action except to grant or deny such motion for disqualification." I.R.C.P. 40(d)(5). Consequently, all orders that follow the filing of a motion to disqualify, but prior to a ruling on that motion, are improper, void, and of no effect. *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995).

2

The judge, who the movant is seeking to disqualify, must grant or deny the motion for disqualification "upon notice and hearing in the manner prescribed by these rules for motions." I.R.C.P. 40(d)(2)(B). For notice of a hearing on a written motion to be proper, it "shall be filed with the court, and served so that it is received by the parties no later than fourteen (14) days before the time specified for the hearing." I.R.C.P. 7(b)(3)(A). The record demonstrates that, while Elkins filed a pro se motion for disqualification, he did not properly file a notice of hearing and did not serve notice of any hearing in compliance with the requirements of I.R.C.P. 40(d)(2)(B) and I.R.C.P. 7(b)(3)(A). Instead of filing a notice of hearing, Elkins requested a hearing within his motion to disqualify the district judge. However, the hearing date he requested was for a date *prior* to the filing of the motion, rendering it invalid as timely notice, as required by I.R.C.P. 7(b)(3)(A).

A motion for disqualification of a trial judge for cause may be made at any time, but must be "accompanied" with an affidavit "stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion." I.R.C.P. 40(d)(2)(B). Where a motion to disqualify for cause is not accompanied by an affidavit, it may be treated as a motion to disqualify without cause. *Bradbury v. Idaho Judicial Council*, 149 Idaho 107, 112-13, 233 P.3d 38, 43-44 (2009). Elkins did not file the requisite affidavit. Because Elkins' motion was unaccompanied by an affidavit stating why the district judge should be disqualified for bias and the facts supporting such claim, the motion was no more than a motion seeking to disqualify without cause. However, without cause, there is no right to disqualify a judge assigned to a post-conviction proceeding when that judge also entered the conviction or sentence being challenged in the post-conviction proceeding. I.R.C.P. 40(d)(1)(I)(ii); *Smith v. State*, 126 Idaho 106, 108-09, 878 P.2d 805, 807-08 (Ct. App. 1994). The district judge that was assigned to preside over the post-conviction proceeding was also the presiding judge at Elkins' criminal sentencing. Thus, Elkins did not properly invoke the rule because of his failure to file the affidavit required under the rule, as well as his failure to provide for the required notice and hearing.[1] The court was not without authority to dismiss the petition.

Even if Elkins' motion for disqualification could be construed as filed in compliance with Rule 40(d)(2)(B), his motion wholly lacks sufficient grounds to disqualify the district judge.

---

[1] It should further be mentioned that Elkins actually filed the motion under Idaho Criminal Rule 25(a)(4), which is inapplicable to Post-Conviction Act proceedings.

Elkins' motion to disqualify alleged that the district judge should be disqualified because he was biased or prejudiced against Elkins, and because he used erroneous information in sentencing Elkins. In his motion to disqualify, Elkins alleged that the district judge "showed clear bias and prejudice in its decision to sentence [him]." This bare allegation, unsupported by any facts, does not support any actual prejudice directed against Elkins on the part of the district court. Further, the allegation in no way asserts a pervasive bias remotely approaching the standard set forth in *Bach*.

Although Elkins is correct in his assertion that a judge must rule on a motion to disqualify before proceeding further in the case, he failed here to properly file and support the motion and therefore, the district court did not err in failing to rule on Elkins' motion for disqualification.

## III.
## CONCLUSION

The district court did not err in failing to rule on Elkins' motion to disqualify. Accordingly, the district court's order summarily dismissing Elkins' petition for post-conviction relief is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

4