IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41718

| | | |
|---|---|---|
| **RICHARD ANDREW HUBBARD,** | ) | **2015 Unpublished Opinion No. 342** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: February 10, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Richard Andrew Hubbard appeals from the district court's order summarily dismissing his petition for post-conviction relief. Hubbard alleges the district court failed to rule on his motion to disqualify for cause, and that summary dismissal was not appropriate because he was sentenced based on his past crime, as opposed to the crime to which he pled guilty.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

We previously outlined the nature of Hubbard's conviction in his direct appeal:

In 2011, Richard Andrew Hubbard pled guilty to failure to register as a sex offender. I.C. §§ 18-8311, 18-8307. At his sentencing hearing, Hubbard argued that the district court should impose a lenient sentence because he would subsequently be extradited to California, where he would serve time as a consequence of violating parole on a lewd and lascivious conduct conviction. In response to this argument, the district court discussed Hubbard's underlying lewd and lascivious conviction and explained why Hubbard's sentencing request would be inappropriate. The district court imposed a unified sentence of ten years, with

1

a minimum period of confinement of five years. The district court entered Hubbard's judgment of conviction and commitment on October 14, 2011.

*State v. Hubbard*, Docket No. 39449 (Ct. App. Feb. 21, 2013) (unpublished). This Court affirmed Hubbard's judgment of conviction and sentence.

Subsequently, Hubbard filed a pro se petition for post-conviction relief asserting, as relevant to this appeal, that the sentencing court had violated his constitutional right to be free from double jeopardy. In his petition, Hubbard requested that the district judge recuse herself because she showed bias during the sentencing hearing. No motion to disqualify was filed, and the district court did not address this request. Hubbard was appointed counsel and both parties moved for summary disposition. The district court summarily dismissed Hubbard's claim for post-conviction relief. Hubbard timely appeals.

## II.

## ANALYSIS

### A.    Motion for Disqualification

A party may move to disqualify a judge from presiding on the grounds of bias. Idaho Rule of Civil Procedure 40(d)(2)(A)(4). An affidavit stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion must accompany the motion. I.R.C.P. 40(d)(2)(B). Whatever the source of the bias or prejudice, it must be so extreme as to display clear inability to render fair judgment. *Bach v. Bagley*, 148 Idaho 784, 791-92, 229 P.3d 1146, 1153-54 (2010). Unless there is a demonstration of pervasive bias derived from either an extrajudicial source or facts and events occurring at trial, there is no basis for judicial recusal. *Id.* at 792, 229 P.3d at 1154. The standard for recusal of a judge, based simply on information that the judge has learned in the course of judicial proceedings, is extremely high. *Id.* The Idaho Supreme Court has "held that all orders following the filing of a motion to disqualify . . . but prior to a ruling on that motion, 'were improper, void and of no effect.'" *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995) (quoting *Lewiston Lime Co. v. Barney*, 87 Idaho 462, 467, 394 P.2d 323, 326 (1964)); *see* I.R.C.P. 40(d)(5) ("the presiding judge shall be without authority to act further in such action except to grant or deny such motion for disqualification"). Hubbard argues that the district court failed to rule on his request to disqualify, and therefore the order summarily dismissing his post-conviction petition is of no effect.

Hubbard claims he filed a motion to disqualify via his petition for post-conviction relief which requested that the district judge recuse herself. Hubbard's request in his petition failed to constitute a motion to disqualify for cause in several respects. First, the judge, who the movant is seeking to disqualify, must grant or deny the motion for disqualification "upon notice and hearing in the manner prescribed by these rules for motions." I.R.C.P. 40(d)(2)(B). For notice of a hearing on a written motion to be proper, it "shall be filed with the court, and served so that it is received by the parties no later than fourteen (14) days before the time specified for the hearing." I.R.C.P. 7(b)(3)(A). Hubbard failed to file a notice of hearing and did not serve notice of any hearing in compliance with the requirements of I.R.C.P. 40(d)(2)(B) and I.R.C.P. 7(b)(3)(A).

Second, a motion for disqualification of a trial judge for cause may be made at any time, but must be "accompanied" with an affidavit "stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion." I.R.C.P. 40(d)(2)(B). Where a motion to disqualify for cause is not accompanied by an affidavit, it may be treated as a motion to disqualify without cause. *Bradbury v. Idaho Judicial Council*, 149 Idaho 107, 112-13, 233 P.3d 38, 43-44 (2009). Hubbard did not file the requisite affidavit. Hubbard argues that the petition itself acted as the affidavit wherein he alleged the judge was biased. However, the rule requires that the motion be "accompanied" by an affidavit. We decline to treat Hubbard's petition as both a motion and an accompanying affidavit. Because Hubbard's motion was unaccompanied by an affidavit stating why the district judge should be disqualified for bias and the facts supporting such claim, the motion was at best a motion seeking to disqualify without cause. However, without cause, there is no right to disqualify a judge assigned to a post-conviction proceeding when that judge also entered the conviction or sentence being challenged in the post-conviction proceeding. I.R.C.P. 40(d)(1)(I)(ii); *Smith v. State*, 126 Idaho 106, 108-09, 878 P.2d 805, 807-08 (Ct. App. 1994). The district judge that was assigned to preside over the post-conviction proceeding was also the presiding judge at Hubbard's criminal sentencing. Thus, Hubbard did not properly invoke the rule because of his failure to file the affidavit required under the rule, as well as his failure to provide for the required notice and hearing. The court was not without authority to dismiss the petition.

Additionally, even if Hubbard's motion for disqualification could be construed as filed in compliance with Rule 40(d)(2)(B), his motion wholly lacks sufficient grounds to disqualify the

district judge. Hubbard's purported motion to disqualify alleged that the district judge should be disqualified because she was biased or prejudiced against him based on the comments made at sentencing. This bare allegation, unsupported by any facts other than by simply citing to four pages of sentencing transcript, does not demonstrate any actual prejudice directed against Hubbard on the part of the district court. Further, the allegation in no way asserts a pervasive bias remotely approaching the standard set forth in *Bach*. Hubbard failed to properly file and support the purported motion and therefore, the district court did not err in failing to rule on Hubbard's request that the judge recuse herself.

## B.     Double Jeopardy

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but

the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary

hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

We note that Hubbard does not claim that the Double Jeopardy Clause of the Idaho Constitution provides any broader protection than that of the United States Constitution. Therefore, we will analyze this claim under the double jeopardy provisions of the United States Constitution. *See State v. Talavera*, 127 Idaho 700, 703, 905 P.2d 633, 636 (1995). Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000). The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). Hubbard argues that the district court's sentence in his failure to register case was additional punishment for his previous lewd conduct conviction.

Hubbard essentially makes the same argument he made in his direct appeal as to why the district court abused its sentencing discretion. He contends the district court punished him for the underlying sexual abuse crimes that required him to register as a sex offender, instead of only punishing him for failing to register. Hubbard selectively quotes the sentencing transcript in an attempt to show that the district court believed that the California justice system had failed to properly punish Hubbard for his crimes. However, as we explained previously:

6

Review of the sentencing hearing reveals that the comments made by the district court pertaining to the underlying lewd and lascivious conviction were primarily in response to Hubbard's main argument--that the district court should impose a lenient sentence because Hubbard would be extradited to California upon resolution of this case and expected to serve four years there. Additionally, consideration of the underlying case by the district court was plainly necessary to determine the extent of a danger Hubbard posed to society by failing to register as a sex offender and his potential for rehabilitation. The two cases are necessarily intertwined. Furthermore, the district court considered Hubbard's entire criminal history. Also before the district court was information regarding Hubbard's probation violations, his termination from sex offender treatment, his prison disciplinary record, and his absconding from parole. Having reviewed the record, the district court did not abuse its discretion in the sentence imposed in this case.

*Hubbard*, Docket No. 39449. The references made to the underlying conviction from California were in response to Hubbard's attorney arguing that the court should be lenient in the failing to register case. This does not show that the district court punished Hubbard a second time for his previous conduct. Hubbard has failed to show that the district court improperly punished him a second time for past crimes and the district court did not err in summarily dismissing Hubbard's petition for post-conviction relief.

## III.

## CONCLUSION

Hubbard did not properly file and support a motion to disqualify for cause and the district court had authority to dismiss his petition for post-conviction relief. The sentencing court did not impose a punishment for past crimes. Therefore, the district court's order dismissing Hubbard's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge LANSING **CONCUR.**