**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41413**

| | | |
|---|---|---|
| **SERGEY KALASHNIKOV,** | ) | **2014 Unpublished Opinion No. 700** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: August 27, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, affirmed.

Sergey Kalashnikov, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Sergey Kalashnikov appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Kalashnikov asserts he was entitled to an evidentiary hearing, having established that a genuine issue of material fact exists. For the reasons that follow, we affirm.

## I.

## BACKGROUND AND PROCEDURE

Kalashnikov pled guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4) and 18-2407(1). The district court entered a withheld judgment and placed Kalashnikov on probation. Subsequently, Kalashnikov admitted to violating the terms of his probation. As a result, the district court revoked his probation and the withheld judgment, entered a judgment of conviction, and sentenced Kalashnikov to a unified term of fourteen years, with three and one-half years determinate. Kalashnikov timely appealed, contending that his

1

sentence was excessive and we affirmed in *State v. Kalashnikov*, Docket No. 40127 (Ct. App. June 21, 2013) (unpublished). Thereafter, Kalashnikov filed a petition for post-conviction relief asserting several grounds for relief. The district court denied Kalashnikov's request for a court-appointed attorney and provided petitioner notice of its intent to dismiss the petition, pursuant to I.C. § 19-4906(b), if he did not amend his petition within twenty days to supply the basic facts he was alleging in support of his claims. Kalashnikov responded in an attempt to amend his petition in accordance with the district court's instructions. In Kalashnikov's amended petition he advanced three claims: (1) petitioner is innocent of charge; (2) petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated because defense counsel failed to move for an acquittal, pursuant to Federal Rule of Civil Procedure 29; and (3) petitioner was provided ineffective assistance of defense counsel when his attorney suggested that he plead guilty, even though he was adamant he was innocent and, concomitantly, his plea was coerced. But, the district court remained convinced the petition, even as amended, raised no genuine issue of material fact and summarily dismissed the petition. Kalashnikov appealed to this Court.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its

allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not

controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

### III.

### ANALYSIS

Kalashnikov's brief asserts numerous arguments, most of which were neither raised in his petition for post-conviction relief nor in his amended petition. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, only the issues raised by Kalashnikov in his petition and amended petition will be discussed on appeal.

A. **Unsubstantiated Citations to Legal Authority**

Most of Kalashnikov's claims in his amended petition were assertions of constitutional, statutory, or rule violations absent factual allegations explaining how the cited authority was violated. These claims included alleged violations of the following: Fifth, Sixth, and Fourteenth Amendments; Fed. R. Civ. P. 7(b), 12(b), 18 and 29; I.R.C.P. 54(c); and I.C. § 18-315. Nowhere in his initial petition and affidavit for post-conviction relief, his amended petition, or his brief are

4

there any factual allegations that could explain the basis for these supposed violations. The petition must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal. *Ridgley*, 148 Idaho at 675, 227 P.3d at 929. It is apparent from the record that Kalashnikov has failed to provide any admissible evidence supporting his alleged violations. Therefore, the district court did not err in dismissing these claims.

**B.**  **Allegations Invoking Federal Rules, Claiming Failure to Indict by Grand Jury, and Challenging Subject Matter Jurisdiction**

Many of the authorities Kalashnikov cites are not germane to his case. For example, petitioner asserted a violation of Fed. R. Civ. P. 7, which is inapplicable as this is a state court matter. Kalashnikov also asserted that he was denied the right to indictment by a grand jury. However, on a felony criminal charge, the State may proceed by indictment or information. I.C. § 19-901 ("All public offenses triable in the district court must be prosecuted by indictment, or *information*." (emphasis added)). The record indicates the State properly prosecuted Kalashnikov by information. Therefore, Kalashnikov's claim is wholly without merit and was properly dismissed by the district court.

Kalashnikov further claims that the trial court was without subject matter jurisdiction. Idaho Code § 19-1301 states:

> The several courts of this state shall possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes, misdemeanors and offenses, to issue writs and process, and do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictments.

As the district court correctly determined, Kalashnikov was charged by information, as provided by the aforementioned statute, thus conferring upon the magistrate court subject matter jurisdiction. *See State v. Rodgers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004) ("The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court."). In a sub-argument, Kalashnikov avers that the information was illegal and void. Again, petitioner failed to allege the underlying factual scenario giving rise to this argument. As previously stated, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d

5

434, 440 (Ct. App. 1997). Therefore, the district court did not err in dismissing Kalashnikov's challenge to the trial court's subject matter jurisdiction.

**C.      Amended Claims Regarding Ineffective Assistance of Trial Counsel**

Kalashnikov's first amended claim states that "petitioner is innocent of charge," but is unaccompanied by any factual support for his claim that he did not commit the crime to which he pled guilty. Given that a petition is subject to dismissal where it is not accompanied by admissible evidence supporting its allegations, *Wolf*, 152 Idaho at 67, 266 P.3d at 1172, the district court did not err in dismissing this claim for failure to raise a genuine issue of material fact.

Kalashnikov's second and third amended claims allege ineffective assistance of defense counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). With these principles in mind we will address petitioner's claims.

Kalashnikov's second amended claim states that the petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when trial counsel "faild [sic] to motion for acquittal" under Fed. R. Civ. P. 29. The district court noted that Idaho had a similar rule (I.C.R. 29) but, like its federal counterpart, the Idaho rule allows for a motion of acquittal at two specific

times: after the evidence on either side is closed (before submission to jury), or after discharge of jury. I.C.R. 29. The district court correctly determined that because Kalashnikov pled guilty in the underlying case, no motion for acquittal was possible. Having no authority to move for acquittal of his case, Kalashnikov's rights could not have been violated by his attorney's failure to do so. Therefore, Kalashnikov's ineffective assistance of counsel claim is entirely without merit and was properly dismissed by the district court.

Kalashnikov's third amended claim states that petitioner's "Fifth, Sixth, and Fourteenth Amendment rights were violated when trial counsel suggested that he plead guilty, even though he was adamant that he was innocent, and consequently was coerced into doing so." As noted above, this Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales*, 151 Idaho at 172, 254 P.3d at 73. Counsel's suggestion of a strategic option available to his client neither establishes deficient performance, nor coercion. *See Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004) (concluding "no evidence of any fraud, duress, deceit or coercion" where there was no evidence or allegation that defendant was "forced to accept the State's offer," or that "threats were made to him").

In the present case, Kalashnikov did not attempt to show that his attorney's *suggestion* to plead guilty coerced him into doing so. He did not show that information contained in the police reports may have given him a reason to proceed to trial. He did not attempt to identify potential defenses to the charge that would have resulted in a different decision. Kalashnikov made no effort to link his claims of deficient performance with his plea of guilty. Therefore, we affirm the district court's summary dismissal of these claims.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Kalashnikov's post-conviction petition when it ruled his petition, even as amended, raised no genuine issues of material fact. Accordingly, the district court's judgment summarily dismissing Kalashnikov's petition for post-conviction relief is affirmed.

Judge LANSING and Judge MELANSON **CONCUR**.