IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37863

ANDREW J. J. WOLF,          )
                                   )     **2011 Opinion No. 31**
         Petitioner-Appellant,    )
                                   )     **Filed: May 20, 2011**
v.                             )
                                   )     **Stephen W. Kenyon, Clerk**
STATE OF IDAHO,          )
                                   )
         Respondent.          )
_____)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

      Andrew J. J. Wolf appeals from the district court's order summarily denying his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

      In an online chat room, Wolf solicited sex from a user named "greenmonsterlm07," who Wolf believed to be a fifteen-year-old boy. Wolf arranged to meet the boy for a sexual encounter. Upon his arrival at the meeting place, Wolf was greeted by police officers who had been posing as the boy online. As part of the investigation, the officers obtained a search warrant and seized Wolf's computer. A subsequent forensic search found child pornography on Wolf's computer. Wolf was charged with enticing children over the Internet, I.C. § 18-1509A, and possession of sexually exploitative material, I.C. §§ 18-1507 and 18-1507A. Wolf pled guilty to both counts pursuant to a plea agreement. The district court sentenced Wolf to a

unified term of fifteen years, with a minimum period of confinement of two years for enticing children over the Internet and a consecutive indeterminate term of ten years, for possession of sexually exploitative material. Wolf filed an application for post-conviction relief claiming, among other things, that his counsel was ineffective for failing to move to suppress the evidence found on his computer. The state answered Wolf's application and moved for summary dismissal. The district court entered an order of conditional dismissal. Wolf responded with several affidavits. After receiving Wolf's responses, the district court summarily dismissed his application for post-conviction relief. Wolf appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof.

2

*DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless

those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.*

### III.

### ANALYSIS

Wolf argues that the district court erred in dismissing his application for post-conviction relief because the pleadings and supporting materials he provided established a genuine issue of material fact regarding whether trial counsel was ineffective for failing to file a motion to suppress material obtained in the search of his computer. Specifically, Wolf argues that the seizure of information on his computer was unconstitutional because the search warrant was not supported by probable cause. Wolf also asserts that, even if the warrant was supported by probable cause, the forensic search of his computer more than fourteen days after the warrant was issued was unconstitutional because it was conducted after the warrant had expired.

### A. Probable Cause

Wolf argues that his counsel was ineffective for failing to file a motion to suppress and asserts there was inadequate probable cause to support the search warrant. Wolf contends that a motion to suppress would have been granted because the conclusory statements contained in the officer's affidavit of probable cause were not sufficient to establish probable cause for the search of Wolf's computer for child pornography and sexually exploitative material.

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

4

Article I, Section 17, of the Idaho Constitution is virtually identical to the Fourth Amendment, except that "oath or affirmation" is termed "affidavit." In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *State v. Josephson*, 123 Idaho 790, 792-93, 852 P.2d 1387, 1389-90 (Ct. App. 1993). When determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also State v. Wilson*, 130 Idaho 213, 215, 938 P.2d 1251, 1253 (Ct. App. 1997).

An affidavit in support of a search warrant must provide the magistrate with a substantial basis for determining the existence of probable cause. *Gates*, 462 U.S. at 239. A magistrate's finding of probable cause cannot be a mere ratification of the bare conclusions of others. *Id.* Thus, probable cause cannot be found in a purely conclusory affidavit that does not detail any of the underlying circumstances. *United States v. Ventresca*, 380 U.S. 102, 108-09 (1965). Assertions in the affidavit must establish a sufficient nexus between criminal activity, the things to be seized, and the place to be searched to lead to the issuance of a warrant. *State v. Sorbel*, 124 Idaho 275, 278, 858 P.2d 814, 817 (Ct. App. 1993).

In this case, the search warrant authorized the officers to search Wolf's computer hardware, software, and other electronic storage devices for any information that would lead to information regarding Wolf's interactions with greenmonsterlm07, the identification of other victims, or sexually exploitative photographs or videos of minor children. The search warrant was supported by an affidavit from an officer who conducted the undercover operation against Wolf. The officer's affidavit contained a description of the undercover operation, quotes from Wolf's online interaction in which he solicited sex from greenmonsterlm07 who he believed to be a minor, and a statement from Wolf in which he confirmed that he had conducted the online chat from his home computer. In addition, the affidavit stated:

> Your affiant knows from his experience and training that adults who engage in sexual activities with minor children often collect and save child pornography. The Internet is a prime source for these types of pictures and

5

videos. Your affiant knows that images and videos, which are stored on computers, can be recovered during the course of a Forensic examination. . . .

. . . . [An expert in the forensic examination of computers] advised your affiant that during his examination of the computer that he is likely to find a partial record of chats that the user of the computer has engaged in. The examination will likely find other records that identify the user of the computer. The evidence is needed to help prove the criminal case against [Wolf].

Wolf argues that these statements were conclusory and were insufficient to establish probable cause for the search of his computer. In *State v. Lewis*, 123 Idaho 336, 848 P.2d 394 (1993), Lewis was convicted of lewd and lascivious conduct with a minor. On appeal, Lewis argued that the district court erred in denying his motion to suppress sexually exploitative photographs of minors which were found on his computer pursuant to a search warrant. The affidavit in support of the search warrant detailed the officer's general experience in the investigation of crimes involving the sexual abuse of children and the specific events that had taken place in the Lewis investigation. *Id.* at 349, 848 P.2d at 407. The Idaho Supreme Court held that these statements were sufficient to establish probable cause to support the issuance of the search warrant. *Id.*

In this case, the statements in the officer's affidavit in support of the search warrant were similar to those the Court found sufficient to establish probable cause in *Lewis*. This information was sufficient to provide probable cause for the magistrate to issue a warrant to search Wolf's computer. Therefore, we hold that Wolf's trial counsel was not ineffective for failing to file a motion to suppress on the ground of lack of probable cause to support the search warrant because the motion, if pursued, would not have been granted by the trial court.

B. **Timely Execution of the Search Warrant**

Wolf argues his counsel was ineffective for failing to file a motion to suppress asserting the forensic search of his computer hard drive was unconstitutional because it was conducted more than fourteen days after the warrant was issued. Time limits upon the execution of warrants have been imposed in Idaho by statute and rule. Idaho Code Section 19-4412 provides that a search warrant must be executed and returned to the magistrate who issued it within fourteen days of the date it is issued. Idaho Rule of Criminal Procedure 41(c) also provides that an officer must search the person or place named in the warrant for the property or person specified within fourteen days. The Fourth Amendment itself does not contain requirements

about when a search or seizure must occur or the duration of the search. *United States v. Syphers*, 426 F.3d 461, 469 (1st Cir. 2005). However, unreasonable delay in the execution of a warrant that results in the lapse of probable cause will invalidate a warrant. *Id.*

Whether it is unconstitutional to conduct a forensic examination of information stored on a hard drive after the deadline specified in I.C. § 19-4412 and I.R.C.P 41(c) is a matter of first impression in Idaho. Washington Criminal Rule 2.3(c) provides that a search warrant must be executed within a specified period of time not to exceed ten days. In *State v. Grenning*, 174 P.3d 706 (Wash. Ct. App. 2008), the Washington Court of Appeals considered whether the forensic search of a computer which extended beyond ten days was unconstitutional. The officers obtained a search warrant on March 5 to search Grenning's residence for his computer. On March 6 the officers entered Grenning's residence and seized his computer. The officers conducted continuing forensic examinations of the computer for more than ten days after the date the search warrant had been issued. The court noted that, because computer searches usually occur at different locations than where the computer is seized and involve more preparation and expertise than an ordinary search, delays in the forensic examination of computers are expected and reasonable. *Id.*, at 713-14. The court held that the search was constitutional because the delay did not cause a lapse in probable cause, did not unfairly prejudice the defendant, and was not done in bad faith. *Id.*, at 714.[1] We find this reasoning to be persuasive.

The record demonstrates that the search warrant for Wolf's computer was obtained on August 20, 2007. The return of search warrant was filed on August 21, 2007, and provided a list

---

[1]     Several other jurisdictions have dealt with this issue and also held forensic examination of computers conducted after a search warrant expired to be constitutional. *See United States v. Brewer*, 588 F.3d 1165, 1173 (8th Cir. 2009) (holding the search of a computer after the warrant had expired constitutional because, despite the delay, probable cause for the search continued to exist); *United States v. Burgess*, 576 F.3d 1078, 1097 (10th Cir. 2009) (holding a month delay in search of a computer constitutional because probable cause continued to exist at the time of the search and no prejudice occurred); *United States v. Syphers*, 426 F.3d 461, 469 (5th Cir. 2005) (holding a five-month delay in searching a computer did not invalidate the search because there was no showing that the delay caused a lapse in probable cause, that it created prejudice to the defendant, or that officers acted in bad faith); *United States v. Hernandez*, 183 F. Supp. 2d 468, 481 (D.P.R. 2002) (holding the search of defendant's home took place within the time designated in the warrant and later examination of computer disks seized did not make the search unconstitutional); *Commonwealth v. Kaupp*, 899 N.E.2d 809, 820 (Mass. 2009) (holding a delay in search of a computer constitutional because a written return listing the electronic devices to be examined was filed within the statutorily required time frame).

of all the items seized from Wolf's residence, including his computer. A report dated October 27, 2007, detailed the information obtained from Wolf's computer after a forensic examination was performed. As demonstrated by the return on the search warrant, the search of Wolf's residence and seizure of his computer was completed within fourteen days of the issuance of the search warrant. The record also demonstrates that the forensic search of Wolf's computer was conducted by an offsite forensic technician who had the training and expertise necessary to complete the search of Wolf's computer. Although the forensic report indicated that a search of Wolf's computer was not conducted until October, probable cause to search the computer's hard drive was not affected by the delay. Probable cause to search the hard drive did not dissipate during the month and a half the computer sat in the evidence locker. In addition, Wolf was not prejudiced by the delay, nor has he demonstrated that the delay was rooted in bad faith actions by law enforcement officers. Therefore, we hold that Wolf's trial counsel was not ineffective for failing to file a motion to suppress on the ground that the search of his computer was untimely because the motion, if pursued on this basis, would not have been granted by the district court.

## IV.

## CONCLUSION

We hold that the district court did not err in denying Wolf's application for post-conviction relief because Wolf's counsel was not ineffective for failing to file a motion to suppress. Accordingly, the district court's order summarily dismissing Wolf's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**