IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39996

| | | |
|---|---|---|
| BRYAN LEE ATWELL, | ) | 2013 Unpublished Opinion No. 480 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 3, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Bryan Lee Atwell appeals from the summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Atwell pled guilty to conspiracy to commit injury to children. I.C. §§ 18-1501(1), 18-1701. The district court imposed a determinate term of ten years and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction but reduced the sentence to a unified term of ten years, with a minimum period of confinement of seven years. Atwell appealed the order relinquishing jurisdiction. This Court affirmed the decision and a remittitur was issued on December 16, 2010. Atwell filed his petition for post-conviction relief in this case on December 1, 2011. The district court issued a notice of intent to dismiss on the ground that the petition was not timely filed. However, the district court also provided alternate grounds for dismissal, addressing each of the issues raised by Atwell in his

1

petition. Atwell incorrectly agreed that the petition was not timely but argued that the district court should have applied equitable tolling. Atwell did not address the alternate grounds for dismissal and the district court dismissed his petition. Atwell appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

#### A. Timeliness of Petition

On appeal, the parties agree that the district court erred in its timeliness analysis. At the time of Atwell's judgment of conviction, I.A.R. 14(a) provided, in pertinent part:

In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code. When the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run.

Regarding Atwell's appeal, a remittitur was issued on December 16, 2010. Atwell filed this petition for post-conviction relief on December 1, 2011. Therefore, Atwell's petition was timely and the district court erred in dismissing the petition on that ground.

**B.      Unchallenged Alternate Grounds**

Next, the state argues that the decision to dismiss should be affirmed because Atwell has failed to challenge the alternate grounds for dismissal articulated by the district court. Atwell argues that dismissing on unchallenged alternate grounds would be inequitable and that the matter should be remanded to the district court to start again. Where the trial court's decision is based upon alternative grounds and only one ground is challenged on appeal, this Court will not presume that the unchallenged grounds were erroneous and will uphold the trial court's decision. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). In this case, Atwell recognizes that this Court can affirm on the alternate grounds. However, Atwell argues that he received ineffective assistance of post-conviction counsel and, therefore, it would be inequitable and a waste of judicial resources to affirm (thereby requiring Atwell to file a successive petition for post-conviction relief).

Atwell cites to *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), asserting that it highlights the importance of competent post-conviction counsel where certain claims concerning matters outside the record may only be raised for the first time in a post-conviction proceeding. However, as Atwell acknowledges in his brief, *Martinez* does not have direct application here. *Martinez*, in short, stands for the following proposition:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez,* ___ U.S. at ___, 132 S. Ct. at 1320. *Martinez* only stands for the narrow proposition that a federal court in a habeas corpus case may excuse a procedural default of an ineffective assistance of trial counsel claim when the claim was not properly presented because of ineffective assistance of post-conviction counsel. Thus, *Martinez* allows a federal court to

4

consider the merits of a claim that otherwise would have been procedurally defaulted. Despite Atwell's argument that judicial economy favors this Court adjudicating his ineffective assistance of post-conviction counsel claims, the appropriate method for Atwell to bring such claims is through a successive petition under I.C. § 19-4908.

## IV.

## CONCLUSION

Atwell failed to challenge the alternate grounds the district court provided for dismissal of his petition for post-conviction relief. We will not presume the unchallenged grounds were erroneous. Therefore, the district court's order dismissing Atwell's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**