**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43490**

| | | |
|---|---|---|
| JAMES RHOADS, | ) | 2017 Unpublished Opinion No. 342 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 1, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

James Rhoads, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

James Rhoads appeals from the district court's judgment summarily dismissing Rhoads's petition for post-conviction relief. For the reasons set forth below, we affirm.

Rhoads was convicted of driving under the influence and operating a motor vehicle without the owner's consent. The district court sentenced Rhoads to a unified term of ten years, with a minimum period of confinement of four years, for driving under the influence; and a concurrent unified term of five years, with a minimum period of confinement of four years, for operating a motor vehicle without the owner's consent. Rhoads filed a petition for post-conviction relief in which he raised multiple claims of ineffective assistance of counsel. Rhoads also filed a motion for appointment of counsel, which the district court granted. Rhoads subsequently filed an amended petition for post-conviction relief. The State filed its answer and a motion to summarily dismiss Rhoads's petition. After holding a hearing, the district entered an

1

order granting the State's motion summarily dismissing Rhoads's petition. Proceeding pro se, Rhoads appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

2

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Rhoads argues that the district court erred in summarily dismissing Rhoads's petition for post-conviction relief. Rhoads contends that his trial counsel was ineffective by failing to cross-examine a witness regarding her criminal history, failing to call a witness to authenticate photographs, failing to redact portions of video evidence, and coercing Rhoads into not testifying. The State argues that Rhoads waived his arguments on appeal because he failed to

3

present any argument and authority challenging the summary dismissal of his petition for post-conviction relief.[1]

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

In his initial brief, Rhoads makes the conclusory assertion that the district court abused its discretion when it denied Rhoads an evidentiary hearing on his numerous claims of ineffective assistance of counsel. However, Rhoads fails to present any argument to support this allegation or demonstrate how the district court erred in summarily dismissing each claim. Rhoads includes a list of authorities in his brief but fails to provide any argument or analysis related to how such authorities relate to his position. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Although in his reply brief, Rhoads attempts to present some argument and authority in support of his appeal, this Court will not consider arguments raised for the first time in the appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Consequently, we do not address the merits of Rhoads's appeal. Accordingly, the district court's judgment dismissing Rhoads's petition for post-conviction relief is affirmed. Costs are awarded to respondent on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1] Alternatively, the State argues that even if this Court considers the merits of Rhoads's challenge to the district court's order summarily dismissing Rhoads's petition, he failed to show that the district court erred in summarily dismissing the petition.