IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45131

| BRANDON SAVAGE, | ) | 2018 Unpublished Opinion No. 378 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 5, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. Vandervelde, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Brandon Savage, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Brandon Savage appeals from the district court's order summarily dismissing his successive petition for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Savage pled guilty in 2008 to possession of sexually exploitative material, Idaho Code § 18-1507A, and the district court imposed a unified sentence of ten years with three years determinate. The sentence was suspended and Savage was placed on probation for ten years. The judgment of conviction was entered on January 30, 2008. Savage did not file an appeal.

On January 30, 2009, Savage filed a petition for post-conviction relief alleging that counsel in the underlying case was ineffective for failing to advise him of his right not to participate in a psychosexual evaluation and of his right to consult with an attorney during the

1

evaluation process. The district court ultimately determined that Savage was entitled to relief and was to be resentenced. The district court again imposed a unified sentence of ten years with three years determinate. As before, the sentence was suspended and Savage was placed on probation for ten years. An amended judgment was entered on August 3, 2011. Savage did not file an appeal.

Savage subsequently violated the terms of his probation on two occasions and his probation was revoked and reinstated. Thereafter, Savage violated the terms of his probation a third time and on November 24, 2014, the district court ordered execution of Savage's sentence. Savage appealed and in an unpublished opinion, this Court affirmed the district court's order revoking probation and directing execution of Savage's previously suspended sentence. *State v. Savage*, Docket No. 42717 (Ct. App. October 30, 2015).

Savage also filed three motions pursuant to Idaho Criminal Rule 35, all of which were denied. The third such motion, which is relevant to the case at bar, alleged that his sentence was illegal because the section of the Idaho Code under which he was convicted had since been repealed and replaced.

On June 21, 2016, Savage filed a second petition for post-conviction relief, which was later withdrawn without prejudice. On October 11, 2016, Savage filed the present action, a third petition for post-conviction relief, alleging that his conviction was illegal because the Idaho Code section under which he was convicted was repealed and amended and no longer applies to him. Savage also filed a motion for appointment of counsel. The State objected to the request for appointment of counsel and filed a motion for summary dismissal on the grounds that Savage's instant petition is an impermissible successive petition for post-conviction relief. Thereafter, the State filed a supplemental motion for summary dismissal asserting Savage failed to state a claim for which relief could be granted and that the doctrine of res judicata bars the claim presented. Savage filed a response to the State's supplemental motion. Following a hearing, the district court entered an order denying Savage's motion for appointment of counsel and granting the State's motion for summary dismissal. Savage timely appeals.[1]

---

[1] Savage also filed a motion for appointment of appellate counsel, which the district court denied.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

3

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

The district court determined that Savage's petition failed to raise even the possibility of a valid claim because the allegations therein--that Savage's conviction and sentence were illegal because the statute under which he had been convicted was repealed and amended--were barred by res judicata.[2] Savage argues that the district court erred in summarily dismissing his petition

---

[2] The State argues that Savage's petition is also untimely, as deemed by the district court. However, the district court specifically noted that its finding of untimeliness went only to

4

for post-conviction relief because "the law surrounding his conviction has now become ambiguous, unconstitutional/invalid and hinders upon ex post facto law; due entirely to its repeal, amending and rewriting legislation."[3]

Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.2d 613, 616 (2007). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007).

On appeal, Savage alleges that his conviction and sentence was illegal because I.C. § 18-1507A, the section under which he was convicted, was repealed and replaced following his conviction. Specifically, in 2012 the Idaho State Legislature repealed I.C. § 18-1507A and amended § 18-1507 to include the information previously contained in I.C. § 18-1507A. A new I.C. § 18-1507A was then passed, establishing a crime of sexual exploitation of a child by electronic means which Savage argues does not pertain to him. However, the record demonstrates that the district court already decided this issue as a result of Savage's third I.C.R. 35 motion. In denying the motion, the district court determined that Savage's conviction was valid because he was convicted pursuant to a statute in effect both at the time he committed the act at issue and at the time of his conviction.[4] The district court further determined that the crime for which Savage was convicted, possession of sexually exploitative material, remains a

Savage's request for appointment of counsel, as the issue was not addressed by the parties with respect to the motion for summary dismissal.

[3] Savage does not appear to appeal the district court's order denying the appointment of counsel. However, Savage failed to identify the issues being raised on appeal, as required by Idaho Appellate Rule 35(a)(4).

[4] Savage argues that the issue in the Rule 35 motion was the legality of his sentence and here he challenges the legality of his conviction. Thus, he argues the issues litigated are not the same. However, Savage's Rule 35 motion challenge to this sentence necessarily was based upon the legality of his conviction.

crime in the state of Idaho and the penalty remains unchanged. Further, that the legislature's amendment of I.C. §§ 18-1507 and 18-1507A does not result in an improper ex post facto law.

We agree with the district court. The current law continues to encompass the act for which Savage was convicted: possession of sexually exploitive material for other than a commercial purpose. The specific elements detailing that crime were not eliminated; rather they were simply incorporated into I.C. § 18-1507 as follows: "(2) A person commits sexual exploitation of a child if he knowingly and willfully: (a) Possesses or accesses through any means including, but not limited to, the internet, any sexually exploitative material." Further, "the ex post facto doctrine prohibits a state from retroactively increasing the punishment for criminal acts." *State v. Gragg*, 143 Idaho 74, 75, 137 P.3d 461, 462 (Ct. App. 2005). Here, I.C. § 18-1507(3) provides the same guidelines for punishment as those under which Savage was originally sentenced.[5]

The district court correctly found that in the instant petition for post-conviction relief, Savage attempts to raise the same issues previously ruled upon in his third Rule 35 motion. Savage did not appeal the denial of his third I.C.R. 35 motion. Therefore, res judicata applies and Savage cannot reassert such claims in this post-conviction petition.[6] Further, for those same reasons as stated above, Savage's petition for post-conviction relief does not give rise to the possibility of a valid claim.

---

[5] The thrust of Savage's complaint seems to be that: (1) he was convicted under the prior Idaho Code § 18-1507A which explicitly stated that the conduct criminalized was for possession of sexually exploitative material; (2) after the amendment, that conduct was moved into I.C. § 18-1507(2) which delineates such conduct as sexual exploitation of a child; and (3) he, therefore, is illegally being held accountable for sexual exploitation of a child, when he was only convicted of possession of sexually exploitative material.

First, as noted above, the statutory repeal and amendment does not invalidate his conviction or sentence. Second, it is unclear how he believes he is being held accountable under the current I.C. § 18-1507(2). He was convicted, sentenced, and held accountable under the former I.C. § 18-1507A, however it was then characterized.

[6] It is thus unnecessary to address the State's additional argument that the district court erred by concluding that Savage's petition was not impermissibly successive.

### III.

### CONCLUSION

The district court's order summarily dismissing Savage's successive petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge Pro Tem WALTERS **CONCUR**.