# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50374

| | |
|---|---|
| ERIN ANTHONY MURPHY, | ) |
| | ) Filed: June 14, 2024 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Erin Anthony Murphy appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Murphy pled guilty to one count of sexual abuse of a child. This Court affirmed Murphy's judgment of conviction, his sentence, and an order denying his I.C.R. 35 motion in an unpublished opinion. *See State v. Murphy*, Docket No. 46806 (Ct. App. Jan. 23, 2020). In 2021, Murphy filed a pro se petition for post-conviction relief and accompanying

1

affidavit/memorandum.[1]  The State answered and moved for summary dismissal of the petition. In its brief in support of the motion for summary dismissal, the State indicated that Murphy's petition appeared to make four claims upon which he sought relief.  Murphy filed an objection to the motion for summary dismissal and addressed the same four claims identified by the State in his supporting brief.  The district court granted the State's motion for summary dismissal, finding no genuine issue of material fact.  Murphy appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief.  *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008).  Over questions of law, we exercise free review.  *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Murphy contends that the district court erred by summarily dismissing his petition for post-conviction relief without addressing one of his claims.  The State asserts that Murphy's argument is not preserved for appeal.  The State further asserts that, even if preserved, the argument fails on the merits because it was not specifically set forth as a ground for relief in Murphy's petition as required by I.C. § 19-4903.  Finally, the State asserts that, even if preserved and properly raised, Murphy has failed to show reversible error because he waived the claim below.  We hold that Murphy has failed to show error in the summary dismissal of his post-conviction petition for three alternative reasons:  (1) the claim Murphy contends was improperly dismissed was not properly pled; (2) Murphy invited any error in the dismissal of the unpled claim by acquiescing in the construction of the claims raised in his petition and conceding there was no factual basis for

---

[1]     Murphy was subsequently appointed counsel, but no amended petition for post-conviction relief was filed.  Murphy's petition included an "affidavit" which incorporated a memorandum.

2

his unpled claim; and (3) Murphy's arguments regarding the improper dismissal of his unpled claim are not preserved.

A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). A petition for post-conviction relief must "specifically set forth the grounds upon which the application is based." I.C. §19-4903. The petition must also present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

The district court identified the following four claims in Murphy's petition: (1) the presentence investigation (PSI) report was tainted and incomplete because Muphy's trial counsel did not inform Murphy that he could remain silent in the mandatory psychosexual evaluation; (2) the PSI report was further tainted and incomplete because Murphy's trial counsel did not request that an MRI scan and neuropsychological examination be conducted and included; (3) the State committed prosecutorial misconduct during its sentencing argument; and (4) Murphy did not plead guilty voluntarily. After analyzing those claims, the district court found no issue of material fact existed and granted the motion for summary dismissal. Murphy does not argue that summary dismissal of these four claims was improper but, instead, contends that the district court failed to consider his claim that trial counsel was ineffective for failing to object to the prosecutor's overreaching statements. Murphy argues that, because it was the State that characterized his petition as only containing four claims in its motion for summary disposition and the district court only addressed those four claims in its order for summary dismissal, he did not have the requisite notice and the remaining claim was improperly dismissed.

Murphy's allegation regarding trial counsel's failure to object to the prosecutor's overreaching statements is only asserted in conclusory fashion within a section of his

3

affidavit/memorandum discussing prosecutorial misconduct. The allegation did not appear in the section of Murphy's petition which provided "all the grounds" on which the petition for post-conviction relief was based nor did it appear in the section designated for ineffective assistance of counsel claims. A review of those sections of the petition and the accompanying headings in the affidavit support the district court's finding that Murphy only alleged four claims for relief. Thus, Murphy did not properly raise the other ineffective assistance of trial counsel allegation as its own independent claim.

Even if Murphy's petition could be construed as raising such a claim, Murphy abandoned any such claim in district court by acquiescing in both the State's and district court's recitation of the claims raised and by expressly conceding there was no basis for a claim based on prosecutorial misconduct at sentencing. The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

Finally, Murphy's complaint about the district court's failure to address his unpled ineffective assistance of counsel claim is not preserved because he is raising the argument for the first time on appeal. If Murphy believed that the district court misconstrued the claims raised in his petition, the proper forum to make that argument in the first instance was to the district court. *See Kelly v. State*, 149 Idaho 517, 522 n.1, 236 P.3d 1277, 1282 n.1 (2010). The Supreme Court has repeatedly held that arguments not raised in the trial court may not be raised for the first time on appeal. *Hall v. State*, 172 Idaho 334, 352, 533 P.3d 243, 261 (2023); *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019). It is disingenuous to argue, for the first time on appeal, that the district court failed to address an alleged claim, particularly when the record of the trial court proceedings reflect *agreement* with the district court's recitation of the claims. Murphy has failed to show error in the district court's summary dismissal of his petition for post-conviction relief.

## IV.
### CONCLUSION

Murphy has failed to demonstrate error in the district court's dismissal of his petition for post-conviction relief. Accordingly, the judgment summarily dismissing Murphy's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.