**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51661**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 30, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AMBER RENE MAY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Susan E. Wiebe, Senior District Judge. Hon. Thomas Sullivan, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Amber Rene May appeals from the district court's order, on intermediate appeal from the magistrate court, affirming the judgment of conviction. Specifically, May argues her motion to suppress should have been granted on the basis that probable cause for the search warrant dissipated before the execution of the warrant. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 11, 2022, Officer Young applied for a warrant to search a residence on South Almond Street in Nampa. In his affidavit in support of the application, Officer Young stated that two individuals living at the Almond Street residence, Jennifer Fergusson and Noel Hernandez, had been arrested on September 9 for possession of drugs and paraphernalia. Officer Young also

1

stated that Jennifer's children had recently been the subject of a health and welfare referral, during which Jennifer "admitted to relapsing on opioids." Jennifer overdosed on fentanyl at the Almond Street residence. Officer Young reported that the day before he sought the warrant, police made a traffic stop in which Jacob Fergusson was a passenger. Jacob is Jennifer's brother who also lived at the Almond Street residence and confirmed that Jennifer used fentanyl at the residence, that he had found a foil related to fentanyl at the residence, and that Jennifer's children had recently been taken into custody by health and welfare due to Jennifer's addiction. Jacob was on parole for grand theft and drug crimes. Jennifer had an outstanding warrant for failure to appear in connection with a prior drug charge. The Almond Street home belonged to Jennifer and Jacob's parents. Three other individuals with previous felony drug-related charges also lived at the residence.

On October 19, Nampa Police Department officers executed the search warrant. May shared a bedroom in the house with her boyfriend, Joshua Fergusson, and their infant son. After searching the room, officers found drugs and paraphernalia, including paraphernalia within reach of the infant's crib. The State charged May with misdemeanor injury to a child, Idaho Code § 18-1501(2), and possession of drug paraphernalia, I.C. § 37-2734A.

May filed a motion to suppress claiming the police did not have probable cause to search the entire residence; any probable cause dissipated before the warrant was executed; and the police acted in bad faith in executing the warrant. May argued the information supporting the warrant was stale and any probable cause dissipated when the Nampa Police Department learned from Jacob on October 10 that Jennifer was supposed to check into a drug rehabilitation facility within the next week, and that their father gave Jennifer an ultimatum to be out of the Almond Street residence in thirty days. May also asserted that, on October 16, Nampa police saw Jennifer and Hernandez walking down the street carrying bags and arrested Jennifer on the outstanding warrant. Jennifer stated that she did not live at the Almond Street residence anymore and was going to stay the night at Hernandez's uncle's house and then get a hotel room.

The magistrate court, after conducting a hearing and ordering additional briefing on the motion to suppress, denied the motion. The magistrate court found that the warrant was supported by probable cause, the evidence supporting the warrant was not stale at the time the warrant was executed, and probable cause had not dissipated. The magistrate court also held that probable cause presumptively remained for fourteen days following issuance of the warrant pursuant to Idaho Code and the Idaho Criminal Rules. May pled guilty to injury to a child, reserving her right

2

to appeal the denial of the motion to suppress, and the State dismissed the paraphernalia charge. On intermediate appeal, the district court affirmed the magistrate court. May again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

May claims the district court erred in affirming the magistrate court's denial of her motion to suppress because the officers unreasonably delayed executing the warrant, resulting in a lapse of probable cause, knowing at the time they executed the warrant the information they were relying on was no longer accurate. May makes this argument "mindful" of the fact that the warrant was executed within fourteen days of its issuance as required by I.C. § 19-4412 and I.C.R. 41(d)(3).

In order for a search warrant to be valid, it must be supported by probable cause to believe that evidence or fruits of a crime may be found in a particular place. *Wolf v. State*, 152 Idaho 64, 68, 266 P.3d 1169, 1173 (Ct. App. 2011). When determining whether probable cause exists, the task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id*.

The Fourth Amendment does not contain requirements about when a search or seizure must occur; however, unreasonable delay in the execution of a warrant that results in a lapse of probable cause will invalidate the warrant. *Id*. at 69, 266 P.3d at 1174. Idaho imposes time limits upon the execution of warrants by both statute and rule. Idaho Code § 19-4412 provides that a search

3

warrant must be executed and returned to the magistrate who issued it within fourteen days after its issuance. Idaho Criminal Rule 41(d)(3) similarly provides that a warrant must command the officer to search within a specified time period not to exceed fourteen days.

Whether information supporting a search warrant becomes stale regarding the presence of items in a certain place depends upon the nature of the factual scenario involved. *State v. Carlson*, 134 Idaho 471, 477, 4 P.3d 1122, 1128 (Ct. App. 2000). The question must be resolved in light of the circumstances of each case. *Id*. The nature of the criminal activity is an important factor in this analysis. *Id*. Certain criminal activities, such as narcotics trafficking, are continuing in nature and, as a result, are less likely to become stale even over an extended period of time. *Id*.

May argues that information learned by the officers after issuance of the search warrant rendered the information supporting the search warrant stale and dissipated probable cause prior to execution of the warrant. May contends that the affidavit in support of the search warrant was largely based on information relating to Jennifer and her use of drugs in the residence. Three days prior to execution of the warrant, Nampa police learned from Jennifer that she no longer lived in the house. Therefore, May argues the information supporting search of the house was stale at the time the warrant was executed.

The magistrate court held:

> So, the warrant wasn't tied exclusively to wrongdoing by Jennifer Fergusson. It was for drugs in the residence. There had been an overdose for Fentanyl in the residence. So, even if it's permissible for the Court to consider evidence of the officers' knowledge after the warrant was issued within the 14-day period, I did hear the evidence and I don't find that it completely negated the probable cause. Probable cause, in the Court's view, still remained at the time of the issuance.

The magistrate court explained that Jennifer gave conflicting statements during the encounter with officers before execution of the warrant. The magistrate court observed that Jennifer "clearly made a statement that she was intending to vacate the premises because bad things were still happening there," and the "clear inference being there was still ongoing drug use at the residence." May does not contest the magistrate court's factual findings. Finally, the magistrate court held that the State does not have an obligation to re-establish probable cause if a search warrant is executed within the fourteen-day period. The warrant was executed within the fourteen-day period.

The district court affirmed the magistrate court's denial of the motion to suppress. The district court stated that May failed to show that probable cause grew stale as to the use of drugs

4

at the Almond Street residence. The district court noted that drug use at the residence had been protracted and continuous. The district court determined:

> The Magistrate Court did not err in holding that probable cause had not dissipated. Regardless of whether it was appropriate or not to consider Jennifer Fergusson's October 16, 2022 statements as part of the staleness analysis, it cannot be said that probable cause dissipated in light of her comments. Jennifer Fergusson gave conflicting statements on her current living situation at the time, and then stated she was trying to get away from the drugs in the South Almond residence and that her brothers were abusing drugs. Such statements only confirmed what had been reasonably inferred already: that there was ongoing drug use inside the South Almond residence. It also made unreasonable any inference that the alleged departure of Jennifer Fergusson and Noel Hernandez meant that no illegal drugs were in the house.

As noted, May's argument on appeal is "mindful" that the warrant was served within the fourteen-day period in I.C. § 19-4412 and I.C.R. 41(d)(3). May's staleness argument is premised on the notion that the search warrant for the residence was based on Jennifer residing at the Almond Street residence and that, at the time of execution of the warrant, Jennifer no longer resided there. The magistrate court correctly held that the search warrant was not based on Jennifer residing at the residence, but that there was protracted and continuous drug use there. In addition, the evidence in the record supports the finding that Jennifer made conflicting statements regarding her residency at the time of her arrest prior to execution of the warrant. Indeed, May did not claim that Jennifer had moved out of the residence; instead, May argued to the district court that the information "was stale because Officer Young knew Jennifer was moving out any day." May has shown no error in the magistrate court's denial of her motion to suppress or the district court's decision affirming the magistrate court.

## IV.

## CONCLUSION

May has failed to demonstrate that the information supporting the search warrant was stale at the time of execution of the warrant such that her motion to suppress should have been granted. Therefore, the district court's order, on intermediate appeal from the magistrate court, affirming the order denying May's motion to suppress and judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

5